# CIRCUIT COURT OF THE CITY OF SALEM

Commonwealth of Virginia

v.

Frederick Anthony Mahone

June 30, 1998

Case No. CR98-131

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant is charged, in the City of Salem, Virginia, with a misdemeanor violation of Va. Code § 18.2-391, alleging that he did loan to a juvenile a book containing photographs depicting sexually explicit nudity and sexual conduct. He has caused to be issued subpoenas duces tecum for the infant victim's school records from Chesterfield County, copies of sex education material used by the school system for 5th, 6th, 7th, and 8th graders in classes the infant victim may have attended (which request is unopposed), for the Department of Social Services records on an unfounded abuse or neglect charge against him regarding the infant victim of this offense, and the infant victim's psychological and counseling records from a private counseling service in Midlothian, Virginia. These requests are opposed by the Commonwealth. School records have been received and reviewed *in camera* by the Court and are now sealed and in the Court's file. In addition, the Defendant has filed a discovery request for the entire State Police internal affairs investigation regarding him, as well as exculpatory evidence, admissions, scientific reports, and physical evidence intended to be introduced by the Commonwealth.

The theory of the Defendant's case, as summarized during oral arguments on this matter, is that the Defendant denies having loaned the material in question to the infant victim. He intends to show that if she saw it, she did so at his home without his permission. With these suppositions in mind, the Court finds that the child's school records from Chesterfield County Schools (which have been reviewed *in camera* by this Court and are sealed in the file), the child's psychological and counseling records, and the Chesterfield County

Department of Social Services records are not germane or material to these proceedings. "A subpoena duces tecum should not be used when it is not intended to produce evidentiary materials but is intended as a fishing expedition in the hope of uncovering information material to the defendant's case." *Farish v. Commonwealth*, 2 Va. App. 627, 630 (1986). In addition, the Court finds that to require a thirteen-year-old girl to produce psychiatric, psychological, counseling, school or medical records to be "too great an invasion of her privacy to be warranted." *Farish, supra.*

The Court does not find that the case of *Ramirez v. Commonwealth*, 20 Va. App. 285 (1995), applies in this case to make the Chesterfield County Department of Social Services an agent of the Commonwealth insofar as Rule 3A:11 and 3A:12 are concerned. The reason for this is that Chesterfield County D.S.S. does not appear to have been involved in the investigation or prosecution of this particular criminal case in the City of Salem. The Court does not agree with nor adopt the broad and expansive definition of exculpatory evidence as argued by the Defendant and, consequently, will not enter the proffered order. However, a standard criminal discovery order in accordance with the Rule 3A:11 will be entered when presented by Defense Counsel.